### UNITED STATES v. VAN LEUVEN (four cases).

(District Court, N. D. Iowa, E. D. June 4, 1894.)

Nos. 3,497, 3,500, 3,508, and 3,525.

1. VIOLATION OF PENSION LAWS—FALSE AFFIDAVITS—INDICTMENT.
   An indictment under Rev. St. § 4746, for procuring the making or presentation of a false or fraudulent affidavit in support of a pension claim, need not charge that it was made for the purpose of defrauding the United States.

2. SAME.
   An indictment under Rev. St. § 5418, for transmitting to the office of the commissioner of pensions a false and altered affidavit, with intent to defraud the United States, is fatally defective, where it fails to charge that the affidavit was transmitted with relation to, or in support of, a claim against the United States, or to aver facts from which the court can find that the United States could be prejudiced in any way thereby.

These were indictments against George M. Van Leuven for violating the pension laws. Defendant demurred to the indictments.

Cato Sells, U. S. Dist. Atty., and M. D. O'Connell, for the United States.

John Day Smith, for defendant.

SHIRAS, District Judge. In case No. 3,497 the indictment charges that the defendant "did then and there, knowingly, willfully, unlawfully, and feloniously, procure the presentation of a certain false, forged, and counterfeited affidavit to the United States commissioner of pensions, by some means to these grand jurors unknown, which said false, forged, and counterfeited affidavit was in the following words and figures." The affidavit is

then set out in full, followed by a charge that the same was false and forged, in that a certain portion thereof (recited at length) was added to the affidavit after it had been signed and sworn to by the witnesses before the notary public, without their knowledge and consent; it being further charged that "said false, forged, and counterfeited affidavit was procured to be presented to the office of the commissioner of pensions in support of and concerning a claim of one Joseph E. Radford for pension from the United States, by said George M. Van Leuven, as aforesaid, willfully, and well knowing that the said affidavit was a false, forged, counterfeited, and fraudulent affidavit, contrary to the form of the statute," etc. In support of the demurrer to this indictment, it is urged that the same is fatally defective, in that it is not charged that the presentation of the altered or forged affidavit was made for the purpose of defrauding the United States. If the indictment was based upon the provisions of sections 5418, 5421, or 5479 of the Revised Statutes, the failure to aver the intent or purpose of defrauding the United States would probably be fatal to the indictment, as these sections are alike in the provision that the acts named therein must be done with the purpose of defrauding the United States; and under the ruling of the supreme court in U. S. v. Staats, 8 How. 40–45, the purpose to defraud the United States is one of the essentials in the definition of the crime. I do not understand, however, that the indictment in question is based upon either one of these sections, but upon the provisions of section 4746, which declares that "every person who knowingly or willfully in any wise procures the making or presentation of any false or fraudulent affidavit concerning any claim for pension, or payment thereof, or pertaining to any other matter within the jurisdiction of the commissioner of pensions * * * shall be punished," etc. The gist of this offense is not in an effort to defraud the United States, but it consists in knowingly procuring the making or presentation of a false or fraudulent affidavit concerning a claim for pension, or the payment thereof, or other matter within the jurisdiction of the commissioner of pensions. The statute does not, in terms, make an intent or purpose to defraud the United States an element in the offense, and the facts necessary to fully make out the crime can be averred without charging the intent to defraud the United States.

To the indictments found in cases Nos. 3,500 and 3,508, and which charge the defendant with transmitting, or causing to be transmitted, to the office of the commissioner of pensions, certain false, forged, and pretended affidavits in support of pension claims, with intent to defraud the United States, it is excepted that the papers set forth in the indictments are not affidavits, nor are they false, forged, or counterfeited in any material matter. The papers purport to be affidavits, and in form are such. If they are not in fact, it is because they are false and forged in the particulars charged in the indictments, and these particulars are clearly shown to be in matters of substance. The exceptions to these indictments are therefore overruled.

The indictment in No. 3,525 is for the transmitting to the office of the commissioner of pensions a false and altered affidavit with the intent to defraud the United States, and is based upon section 5418. It does not aver that it was so transmitted with relation to or in support of any claim against the United States, nor are any facts averred from which the court can find that the forwarding of the affidavit, even though false and forged, could in any way operate to the prejudice of the United States. The demurrer to this indictment is therefore sustained.